IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JARROD ROBINSON, #M34062, | 24-1681-DWD |
| Plaintiff, | Case No. 24-cv-01138-SPM |
| v. | |
| JERARD MERRIMAN, AMANDA SMITH, SULLIVAN, B. JOHNSON, CALVIN PIND, C. HARMON, JOHN DON, ANGELA CRAIN, ANTHONY WILLS, WEXFORD MEDICAL STAFF, and IDOC, | |
| Defendants. | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Jarrod Robinson, an inmate of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Menard Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred at Shawnee Correctional Center and Menard Correctional Center. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The Court must also consider whether any claims are improperly joined and subject to severance or dismissal. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

### THE COMPLAINT

In the Complaint, Plaintiff alleges that while he was incarcerated at Shawnee Correctional Center (Shawnee) and on suicide watch, he was allowed to self-harm from December 6 until December 24, 2023, using a razor blade. (Doc. 1, p. 6). Plaintiff asserts that he was left in the suicide watch cell with the razor blade, even after he had notified medical, mental health, and command staff. Plaintiff claims that Mental Health Professional Amanda Smith "did not follow protocol until December 24, 2023." (*Id.*).

From December 25, 2023, through January 18, 2024, Plaintiff went on a hunger strike three times. (Doc. 1, p. 6). Because of his hunger strike, on January 17, 2024, he was assaulted by Correctional Officers Merriman, Sullivan, Johnson, Harmon, Pind, and Don. The officers held Plaintiff down while Merriman punched and kicked Plaintiff repeatedly. Plaintiff sustained injuries to his face and right hand and arm. (*Id.*).

Following the incident, Plaintiff was transferred to Menard Correctional Center (Menard). (Doc. 1, p. 6). After his transfer, he continued to experience pain and numbness in his right hand, and he sought medical treatment. Plaintiff asserts that he has filed grievances and sick call requests, but as of filing the Complaint on April 18, 2024, he continues to suffer and still has not been provided medical care for his injuries.

### PRELIMINARY DISMISSALS

The Court dismisses all claims against Wexford Medical Staff. Plaintiff does not assert any claims against Wexford Medical Staff in his statement of claim, and even if he did, he cannot proceed against an unidentified group of individuals. While a plaintiff may use the "John Doe"

designation to refer to specific individuals whose names are unknown, a plaintiff will run afoul of the pleading standards in *Iqbal* and *Twombly* by merely asserting that a group of medical staff violated his constitutional rights. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (finding the phrase "one or more of the Defendants" did not adequately connect specific defendants to illegal acts, and thus failed to adequately plead personal involvement). A plaintiff must make plausible allegations against individuals. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (finding that a complaint must describe "more than a sheer possibility that a defendant has acted unlawfully"); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). By stating that a group of medical providers harmed him without providing more, all a plaintiff has done is establish that there is a "sheer possibility" that someone in that group harmed him. Because the Complaint neither describes the unknown defendants who are Wexford employees nor their individual conduct, Defendant Wexford Medical Staff is dismissed with prejudice.

The Court also dismisses all claims against IDOC. The Illinois Department of Corrections (IDOC) is not a "person" subject to suit for money damages under Section 1983. *Thomas v. Ill.*, 697 F.3d 612, 613 (7th Cir. 2012). Neither can a state agency be sued for prospective injunctive relief in federal court. *See Quick v. Ill. Dep't of Fin. & Prof'l Regulation*, 468 F. Supp. 3d 1001, 1009 (N.D. Ill. June 23, 2020) (collecting cases).

## DISCUSSION

Based on Plaintiff's allegations and his articulation of his claims, the Court designates the following counts:

**Count 1:** Eighth Amendment claim against Smith for deliberate indifference to a substantial risk to Plaintiff's health and safety by allowing him to remain in an unsafe cell where he could and did inflict self-harm.

> **Count 2:** Eighth Amendment claim against Merriman, Sullivan, Johnson, Harmon, Pind, and Don for the use of excessive force against Plaintiff on January 17, 2024.
>
> **Count 3:** Eighth Amendment claim against Wills and Crain for deliberate indifference to Plaintiff's serious medical needs by failing to act and ensure that he receives medical care for his injuries incurred on January 17, 2024.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

### Counts 1 and 2

The events alleged in support of Counts 1 and 2 occurred at Shawnee and are unrelated to Plaintiff's claim in Count 3 regarding denial of medical treatment at Menard. Accordingly, consistent with *George v. Smith,* 507 F. 3d 605, 607 (7th Cir. 2007) and Federal Rules of Civil Procedure 18 and 20, the Court will sever Count 1 against Smith and Count 2 against Merriman, Sullivan, Johnson, Harmon, Pind, and Don and open a new case with a newly assigned case number.

### Count 3

Plaintiff has sufficiently pled a deliberate indifference claim against Wills, the warden at Menard, and Crain, a nurse practitioner. Plaintiff alleges that Defendants have been made aware of his need of medical treatment for his hand by the numerous grievances and sick call slips he has submitted, but Defendants have failed to act to rectify the situation and ensure that he is seen by a provider. *See Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015); *Arnett v. Webster*, 658 F. 3d 742, 755-56 (7th Cir. 2011).

---

[1] *Twombly,* 550 U.S. at 570.

**TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff has recently filed a motion for a preliminary injunction and temporary restraining order (TRO). (Doc. 13). In the motion, he asserts that he still has not receive medical treatment for the numbness and pain in his hand. Plaintiff does not specify the type of relief he seeks.

To obtain preliminary injunctive relief, whether through a TRO or preliminary injunction, Plaintiff must demonstrate that (1) his underlying case has some likelihood of success; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the relief. *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014) (citations omitted).

Without expressing any opinion on the merits of any of Plaintiff's other claims for relief, the Court concludes that a TRO should not be issued in this matter. The Prison Litigation Reform Act (PLRA) requires that any grant of prospective relief, including TROs, "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs" and cannot issue "unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626. Federal courts must exercise equitable restraint when asked to take over the administration of a prison, something that is best left to correctional officials and their staff. *See Sandin v. Conner*, 515 U.S. 472, 482 (1995); *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). While the Court presumes that Plaintiff is seeking a court order directing that he be treated by a medical provider (*see* Doc. 1, p. 7), he does not request any type of specific injunction relief in the motion. Accordingly, given the constraints established by the PLRA and the lack of information provided in the motion, the Court will not create and enforce emergency injunctive relief without further briefing and an opportunity for Defendants to respond. The request for a TRO is **DENIED.**

The Court finds it concerning, however, that months have passed since his transfer to Menard, and Plaintiff has not been seen by a medical provider. Therefore, his request for a preliminary injunction will remain pending until Defendants have been served. Defendants are directed to respond to the request for a preliminary injunction within **14 days** of service of the pleadings in this case, at which point the Court will determine the need for a hearing on the motion requesting a preliminary injunction.

### MOTION FOR STATUS

The motion for status is **DEEMED moot** in light of this Order. (Doc. 14).

### DISPOSITION

For the reasons stated above, all Section 1983 claims against Wexford Medical Staff and IDOC are **DISMISSED** with prejudice, and they shall be **TERMINATED** as parties on the docket.

Count 1 against Smith and Count 2 against Merriman, Sullivan, Johnson, Harmon, Pind, and Don are **SEVERED** into a new case. In the new case, the Clerk of Court is **DIRECTED** to file the following documents:

- This Memorandum and Order;
- The Complaint (Doc. 1); and
- Plaintiff's motion to proceed *in forma pauperis* (Doc. 2).

The only claim that remains in this case is Count 3 against Wills and Crain. The Clerk of Court is **DIRECTED** to **TERMINATE** Smith, Merriman, Sullivan, Johnson, Harmon, Pind, and Don as defendants in this action.

The Clerk of Court shall prepare for Wills and Crain the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of

Summons). The Clerk is directed to mail these forms, a copy of the Complaint and this Memorandum and Order to the defendants' place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his or her last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants only need to respond to the issues stated in this Merit Review Order.**

Because Plaintiff claims involve his medical care, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* F<span/>ED. R. C<span/>IV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:**  **July 3, 2024**

                                               *s/Stephen P. McGlynn*
                                               **STEPHEN P. MCGLYNN**
                                               **United States District Judge**

**N**OTICE TO **P**LAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.