IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JARROD ROBINSON, M34062, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| JERARD MERRIMAN, AMANDA SMITH, SULLIVAN, CALVIN PIND, C. HARMON, JOHN DON, B. JOHNSON, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Case No. 24-cv-1681-RJD

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Jarrod Robinson, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred at Shawnee Correctional Center. (Doc. 2). The present case was severed from an existing lawsuit, *Robinson v. Merriman, et al.*, Case No. 24-cv-1138-SPM (S.D. Ill. July 8, 2024). At the time of severance, Plaintiff was prompted to notify the Court if he wished to proceed in this separate action, and he was warned that he would incur another filing fee and the newly severed complaint would be subject to initial review. Plaintiff confirmed his desire to proceed. (Doc. 7).

Plaintiff's Complaint (Doc. 2) is now before the Court[1] for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

The above-captioned case is limited to Plaintiff's allegations concerning experiences at Shawnee in December of 2023 and January of 2024. (Doc. 2 at p. 6). Relevant to this time, Plaintiff alleges that from December 6 until December 24, 2023, he was left on suicide watch with the ability to commit acts of self-harm with a razor blade. Plaintiff alleges that he self-harmed more than once. He claims he had informed staff of the risk to his safety, but Defendant Amanda Smith did not follow protocol until December 24, 2023.

Plaintiff claims that between December 25, 2023, and January 18, 2024, he went on hunger strike three times. He alleges that on January 17, 2024, while in restraints, Defendants Sullivan, Johnson, Harmon, Pind, and Don held him down while Defendant Merriman repeatedly struck him with his fist and foot over the hunger strike. He sustained injuries to his face, right arm, and right hand.

Based on the allegations in the Complaint as severed for purposes of this case, the Court will adopt the prior designation of claims (Claims 1-2, Doc. 1 at 3-4):

---

[1] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the Illinois Department of Corrections and Wexford and this Court.

> **Claim 1:** Eighth Amendment claim against Smith for deliberate indifference to a substantial risk to Plaintiff's health and safety by allowing him to remain in an unsafe cell where he could and did inflict self-harm from December 6, 2023, through December 24, 2023;
>
> **Claim 2:** Eighth Amendment claim against Merriman, Sullivan, Johnson, Harmon, Pind, and Don for the use of excessive force against Plaintiff on January 17, 2024.

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## ANALYSIS

The Eighth Amendment prohibition on cruel and unusual punishment forbids the unnecessary and wanton infliction of pain. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). Generally, an inmate must show an objectively serious condition, and a defendant's subjective disregard for a risk to the inmate's health or safety. Here, Plaintiff's allegations against Defendant Smith are sufficient at this preliminary juncture to support a plausible claim that she may have disregarded a serious risk to his health or safety. Accordingly, Claim 1 may proceed.

Claim 2 deals with excessive force. The Eighth Amendment prohibits "unnecessary and wanton infliction of pain, thus forbidding punishment that is 'so totally without penological justification that it results in the gratuitous infliction of suffering.'" *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (*quoting Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Plaintiff's allegations about a gratuitous beating are plainly sufficient to proceed at this juncture.

**DISPOSITION**

**IT IS HEREBY ORDERED THAT Claim 1** of the Complaint (Doc. 2) survives initial screening as described above against Amanda Smith and **Claim 2** survives as to Jerard Merriman, Sullivan, Calvin Pind, C. Harmon, John Don, and B. Johnson.

The Clerk of Court is **DIRECTED** to prepare for Smith, Merriman, Sullivan, Pind, Harmon, Don, and Johnson: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 2), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 14 days after a transfer or other change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute.  FED. R. CIV. P. 41(b).

Finally, this matter may involve the exchange of medical records, so the Clerk of Court is **DIRECTED** to enter the standard HIPAA Order.

**IT IS SO ORDERED.**

Dated: August 19, 2024

**s/ *Reona J. Daly*** 
**Reona J. Daly** 
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that

those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.