IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JARROD ROBINSON, #M34062, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JERARD MERRIMAN, AMANDA SMITH, )<br>ROGER SULLIVAN, CALVIN PIND, and )<br>CARL HARMON, )<br>)<br>Defendants. ) | Case No. 24-cv-1681-RJD |

# **ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on multiple motions filed by Plaintiff. Plaintiff, currently incarcerated within the Illinois Department of Corrections, filed this lawsuit pro se and in forma pauperis pursuant to 42 U.S.C. §1983. Doc. 2. He alleges that his Eighth Amendment rights were violated at Shawnee Correctional Center in December 2023 and January 2024. Doc. 11. In Count I, Plaintiff alleges that Defendant Smith allowed him access to objects that he could use for self-harm while he was on suicide watch. *Id*. Count II of the Complaint is an excessive force claim against Defendants Merriman, Sullivan, Pind, and Harmon regarding an alleged assault that occurred January 17, 2024. *Id*.

**Plaintiff's Motion to Preserve Video Footage   (Doc. 33)**

Plaintiff asks the Court to order Defendants to preserve video footage of the alleged assault on January 17, 2024. Doc. 33. Defendants filed a response that explains four videos and four images from the events on January 17, 2024 have been preserved and are available for Plaintiff to

review.  Doc. 35.  Based upon Defendants' representations, Plaintiff's Motion (Doc. 33) is DENIED AS MOOT.

**Plaintiff's Motion to Issue Subpoenas (Doc. 36)**

Local Rule 45.1(a) provides that a pro se party may request blank, unsigned subpoenas from the Clerk's Office.  The pro se party must then "complete the forms and file a motion…for an Order authorizing the issuance of the requested subpoenas for specific witnesses or documents….[t]he motion must address the relevancy of the subject persons or documents." SDIL L.R. 45.1(b).  Plaintiff's motion (Doc. 36) requests four blank, unsigned subpoenas and informs the Court that he is aware he must then file another Motion to issue the subpoenas. The Clerk of Court is directed to send Plaintiff four blank, unsigned subpoenas.

**Plaintiff's Motion to Recruit Counsel**

Plaintiff asks the Court to recruit him an attorney, explaining that he has serious mental illnesses and cannot conduct legal research and investigate the facts of this case because he is in prison.  He further contends that the issues in this case are complex and a lawyer would help him "apply the law properly in briefs."  When presented with a request to recruit counsel, the Court makes the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself.  *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

The record reflects that Plaintiff made reasonable attempts to find an attorney.  Doc. 34, p. 2.  At this time, however, the Court sees no indication that Plaintiff cannot competently litigate this case on his own behalf.  Despite Plaintiff's mental illnesses and continued incarceration, he nonetheless exhibits the ability to read and understand Court rules.  See, e.g., Doc. 36.  Though

Plaintiff refers to complex issues in this matter, all that is required of Plaintiff through the discovery and dispositive motion stages is to recount the events that occurred at Shawnee in December 2023 and January 2024. Consequently, Plaintiff's Motion for Recruitment of Counsel is DENIED WITHOUT PREJUDICE. Plaintiff may renew if he encounters a specific situation or Court obligation for which he believes he cannot handle on his own behalf.

**IT IS SO ORDERED.**

**DATED:** November 13, 2025

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**